[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 20, 2010
JOHN LEY
CLERK

No. 10-12017
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00457-RWS-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELMER PORTILLO-ORDONEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 20, 2010)

Before DUBINA, Chief Judge, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Elmer Portillo-Ordonez appeals his 30-month sentence, imposed

following an 11 month downward variance, after pleading guilty to reentry of a

deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, he argues that the district court imposed a sentence that was substantively unreasonable because, in spite of the downward variance, it was higher than necessary to satisfy the sentencing factors described in 18 U.S.C. § 3553(a), thus violating the "parsimony principle."  First, he argues that the initial guidelines range from which the court's sentence varied was unreasonably high because his sole prior conviction increased his offense level by 16 levels and one criminal history category, changing his guideline range from 0-6 months to 41-51 months.  Second, he argues that the sentence was unreasonably high because the district court did not take into consideration his history and characteristics, specifically his need to return to Honduras to care for his son while his wife was deployed by the Air Force.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct,

and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). Although it has sometimes been asserted that the phrase "sufficient, but not greater than necessary," establishes a "parsimony principle," we consider that terminology "incomplete and inaccurate" because it emphasizes that the sentence must not be longer than necessary, while ignoring the parallel requirement that it must not be too short. *United States v. Irey*, 612 F.3d 1160, 1196-97 (11th Cir. 2010)(*en banc*). In imposing a particular sentence, the sentencing court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id*. The reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848

(2009). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks and alteration omitted). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)(quoting *United States v. McBride*, 511 F.3d 1293, 1297-1298 (11th Cir. 2007)).

As an initial matter, a sentence may be either procedurally or substantively unreasonable. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). Portillo-Ordonez challenges only the substantive unreasonableness of his sentence, and does not allege any procedural error by the district court or independently challenge the court's refusal to depart downward. Therefore, he has abandoned any argument as to procedural unreasonableness or misapplication of the Guidelines. *United States v. Jernigan*, 341 F.3d 1273, 1283 n. 8 (11th Cir. 2003)(stating that a party abandons an issue that is not "plainly and prominently" presented in the brief).

We conclude from the record that Portillo-Ordonez does not demonstrate

that his sentence was substantively unreasonable in light of the record and the §

3553(a) factors. The court's sentence of 30 months was an 11 month downward

variance, and we would ordinarily expect a sentence within the guideline range,

much less below the guideline range, to be reasonable. *See Talley*, 431 F.3d at

788. This sentence was also well below the 20-year statutory maximum penalty.

*See Gonzalez*, 550 F.3d at 1324.

The sentence, moreover, met the goals encompassed within § 3553(a). The

district court considered that Portillo-Ordonez's son needed care, that he only had

one prior conviction, and that he had not committed new crimes upon his illegal

reentry to the United States. The court specifically noted that it took into account

Portillo-Ordonez's argument that his criminal history was overrepresented in

granting the 11 month variance. As the government argued at sentencing,

however, Portillo-Ordonez's prior offense was grave, there was a need to protect

the public from similar offenses in the future, and the court needed to deter him

from illegally returning to the country. A custodial sentence was appropriate to

promote respect for the law, provide just punishment, and deter him from further

criminal activity. *See* 18 U.S.C. § 3553(a)(2).

The "parsimony principle" upon which Portillo-Ordonez rests his argument

is an inaccurate characterization of the law; the court is required to give a sentence

that is neither too high, nor too low. *Irey*, 612 F.3d at 1197 (noting that a more accurate term, if needed, should be "the Goldilocks principle"). Portillo-Ordonez argues that his mitigating evidence should have merited a greater downward variance than he received, but the weight given any particular factor is left to the sound discretion of the district court absent a clear error of judgment. Because Portillo-Ordonez's sentence was substantively reasonable and supported by the § 3553(a) factors, we conclude that the sentencing court did not commit a clear error of judgment in weighing the statutory factors, and we affirm Portillo-Ordonez's sentence.

**AFFIRMED.**